**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| REGINALD IVY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-CV-1600 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented petitioner Reginald Ivy's "Petition to Vacate Criminal Conviction Puruit [sic] to Title 28 USC 2201 Application" and supplemental briefing. ECF Nos. 1, 3. Petitioner has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Based on the financial affidavit submitted, the Court will grant petitioner's application for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the Court will dismiss this action.

**I.      Background and Petition**

The Court's records show that on March 3, 1995, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Ivy*, Case No. 4:94-CR-160-RLW (E.D. Mo.). The Honorable Jean C. Hamilton sentenced petitioner to a term of 30 months imprisonment and two years' supervised release, to be served consecutively to a state sentence for first-degree assault. Movant did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals. Petitioner did file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 12, 1995. *Ivy v. United States*, Case No. 4:95-CV-1925-

JCH (E.D. Mo.). The motion was denied, and the denial was subsequently affirmed by the Eighth Circuit Court of Appeals. *Ivy v. United States*, 103 F.3d 135 (8th Cir. 1996).

The instant petition states that in May 2004, petitioner completed his sentence and is no longer in custody. ECF No. 1 at 1. He now seeks to vacate his criminal conviction, despite the completion of his sentence, on the basis of the United States Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Id.* Petitioner argues that *Bruen* created "a new rule of constitutional law that was not available before hand and changed the requirements for his conviction." *Id.* at 1-2.

**II.    28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III.    Discussion**

The Court has carefully reviewed petitioner's filing and determines that it must be dismissed. First, a federal prisoner cannot use the Declaratory Judgment Act, 28 U.S.C. § 2201, to seek relief from a judgment entered against him in a federal criminal case. *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966) (holding that a federal prisoner could not use the federal declaratory judgment statute, 28 U.S.C.A § 2201, as a post-conviction remedy to test the validity of his conviction). In reaching this decision, the Eighth Circuit noted it had previously recognized

the inability of a state prisoner to use the Declaratory Judgment Act in the federal courts to test the validity of his conviction, and that courts in other circuits had applied that same rule to federal prisoners. *Id.* (citations omitted); *see also United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) ("the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence"); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) (per curiam) (the Declaratory Judgment Act "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post[-]conviction remedies.").

Second, even if petitioner's filing is more appropriately construed as a petition for writ of coram nobis,[1] *Bruen* does not apply to the instant matter because the Eighth Circuit has concluded that the felon-in-possession statute is constitutional, and there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g and reh'g en banc denied*, No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Eighth Circuit found that nothing in the Supreme Court's decision recognizing an individual right to keep and bear arms should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons. Because the statute under which petitioner was convicted

---

[1] "A writ of error coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction. Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (internal citations and quotation marks omitted). *See also Hines v. United States*, No. 4:21-CV-424 SRC, 2021 WL 4775419, at *6 (E.D. Mo. Oct. 13, 2021), *aff'd*, No. 21-3403, 2021 WL 8202455 (8th Cir. Dec. 14, 2021) (a petition for writ of error coram nobis is an appropriate vehicle for challenging a conviction and sentence when the petitioner is no longer in custody).

3

does not violate the Second Amendment, *Bruen* does not state a new rule of law that would retroactively affect his felon in possession conviction.[2]

For the above stated reasons, the instant action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Reginald Ivy's "Petition to Vacate Criminal Conviction Puruit [sic] to Title 28 USC 2201 Application" (ECF No. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of January, 2024.

---

[2] A coram nobis petitioner "is subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1) and (2)." *Baranski v. United States*, 880 F.3d 951, 956 (8th Cir. 2018). Petitioner already filed a motion to vacate pursuant to § 2255. Thus, for petitioner to be able to bring the instant action, *Bruen* would have had to establish a new rule of constitutional law, which the Eighth Circuit held it does not. *See* § 2255.